IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NUMBER 9:15-CR-00014-MHS |
| v. | § § § § | |
| MICHAEL WAYNE MEADOWS | § § | |

## REPORT AND RECOMMENDATION ALLOWING DEFENDANT TO WITHDRAW HIS GUILTY PLEA

This report addresses Defendant Michael Wayne Meadows' oral motion to withdraw his guilty plea to Count One of the Information. By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On January 12, 2016, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Michael Wayne Meadows, to Count One of the Information. Consequently, the undersigned issued a report recommending that the District Court accept the Guilty Plea of the Defendant. (Dkt. No. 30.) The Honorable Michael Schneider entered on order adopting that report and recommendation on March 3, 2016, thereby accepting the Defendant's plea but deferring acceptance of the plea agreement until after review of his presentence report. (Dkt. No. 33.)

1

Subsequent to the District Court's acceptance of the Defendant's guilty plea, the parties notified the court that a new plea agreement had been negotiated—one that was more favorable to the Defendant.

Accordingly, the Defendant requests that he be allowed to withdraw his guilty plea under Federal Rule of Civil Procedure 11(d)(2)(B), which allows a defendant to withdraw his plea if he can show a fair and just reason for the withdrawal. The Government does not oppose this request. The undersigned held a hearing on this matter on August 10, 2016.

Defendants do not have an absolute right to withdraw their guilty plea. United States v. Puckett, 505 F.3d 377, 382 (5th Cir. 2007) (citing United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003)). In its discretion, the court may allow a defendant to withdraw his plea after the plea is accepted by the court, but before it imposes a sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); Powell, 354 F.3d at 370. The defendant has the burden of establishing the "fair and just" reason. Puckett, 505 F.3d at 382 (citing Powell, 354 F.3d at 370).

The Fifth Circuit considers the following seven factors in determining whether the defendant has met this standard: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether defendant's plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. Id. (citing United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997)). The court is to consider the totality of the circumstances when applying these factors. Id. (citing United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984)).

The undersigned held a hearing on August 10, 2016, at which both parties represented that they negotiated a new plea agreement that was more favorable to the Defendant. The new agreement stipulates that the Defendant will be sentenced to a term of imprisonment for 108 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), whereas the prior agreement stipulated that he would be sentenced to a term of 120 months. Neither party objected to allowing the Defendant to withdraw his former plea and enter into the new, more favorable plea. The Defendant's request was timely, does not prejudice the Government, and does not inconvenience the court or waste judicial resources. Therefore, under a totality of the circumstances standard, a fair and just reason exists in which to allow the Defendant to withdraw the guilty plea entered into on January 12, 2016. Accordingly, the undersigned recommends that the District Court grant the Defendant's request to withdraw the plea entered into on January 12, 2016.

Both parties agreed to waive the fourteen day objection period on this issue so that the Defendant can appear for his scheduled sentencing hearing on August 25, 2016. Therefore, the District Court may adopt this report and recommendation immediately.

SIGNED this 12th day of August, 2016.

_____
Zack Hawthorn
United States Magistrate Judge